*Of Counsel:*

THE PAGAN LAW FIRM, P.C.
WILLIAM PAGAN, ESQ. (WP 8112)
805 Third Avenue, Suite 1205
New York, New York 10022
Telephone: (212) 967-8202
Fax: (212) 967-8794
Email: wpagan@thepaganlawfirm.com
*Attorneys for Plaintiffs*

### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANA CORDERO BARREIRO, as administratrix of the Estate of NATHALY CORDERO BARREIRO, and ANA CORDERO BARREIRO, individually,<br><br>Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Defendants. | Civil Action No.:<br><br>**COMPLAINT<br>FOR JURY TRIAL** |

### COMPLAINT

Plaintiff, ANA CORDERO BARREIRO, by her attorneys THE PAGAN LAW FIRM, P.C., complaining of the defendant alleges as follows:

### JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to The Federal Tort Claims Act or "FTCA", 28 U.S.C. §§1346(b), 240 1(b), 2671-80 which vests exclusive subject matter jurisdiction of suits such as this in the United States District Court.

2. The United States Department of Health and Human Services, and its health centers and clinics, is a department of the UNITED STATES OF AMERICA.

3. The Union Community Health Center is a Federally Qualified Health Center deemed covered by the Unites States Department of Health and Human Services, deemed eligible for FTCA coverage pursuant to the Federally Supported Health Centers Assistance Act or "FSHCCAA," 42 U.S.C. §233(g)-(n) and has its principal place of business located at 2021 Grand Concourse, Bronx, New York 10453.

4. The UNITED STATES OF AMERICA is the proper defendant in this case based upon the conduct of deemed federal employees pursuant to the FTCA, 28 U.S.C. §§1346 (b), 2401(b), 2671-80 and that liability of the UNITED STATES OF AMERICA is set forth in 28 U.S.C. §2674.

5. Venue is properly laid in the United States District Court for the Southern District of New York, because plaintiff is domiciled and resides at 2014 Morris Avenue, Bronx, New York 10453 and because the acts giving rise to the Complaint occurred at the Union Community Health Center located at 2021 Grand Concourse, Bronx, New York 10453.

6. That within two (2) years after the claims of medical negligence herein accrued, on the 11th day of April, 2018, plaintiff presented her administrative claims pursuant to "Claim for Damage, Injury, or Death," Standard Form 95, to be filed with the United States Department of Health and Human Services.

7. That plaintiff has exhausted her administrative remedies, more than six months has lapsed since the filing of plaintiff's administrative claims and plaintiff has not been notified of a final determination of her claims.

8. Plaintiff's claims have remained unadjusted, uncompromised, unpaid and unsettled. Suit is now timely instituted against the UNITED STATES OF AMERICA herein pursuant to FTCA, 28 U.S.C. §2401(b).

9. Plaintiff has duly complied, so far as is possible, with all conditions precedent set forth in the FTCA, 28 U.S.C. §2401 to the bringing of this action.

## THE PARTIES

10. At all times herein, plaintiff ANA CORDERO BARREIRO was and is a resident of 2014 Morris Avenue, Bronx, New York 10453.

11. The injuries and resulting damages to ANA CORDERO BARREIRO through her decedent, NATHALY CORDERO BARREIRO, upon which this Complaint is made, were proximately caused by the medical negligence and wrongful acts and/or omissions of employees of the defendant, UNITED STATES OF AMERICA and more particularly including but not limited to the medical care providers of Union Community Health Center including but not limited to the following physicians: Tirana O'Banyoun-Organ, Shreyans Bangani, M.D., and Bhawesh Patel, M.D.

12. That physicians known as Tirana O'Banyoun-Organ, Shreyans Bangani, M.D., and Bhawesh Patel, M.D. were/are employees of Union Community Health Center at all times herein and acted within the scope of their federal employment at the time of the events alleged herein.

## COMPLAINT

## AS AND FOR A FIRST COUNT

13. At all times material hereto, plaintiff's decedent, NATHALY CORDERO BARREIRO, was a patient at the Union Community Health Center beginning on or about April 11, 2017 through and including April 21, 2017.

14. At all times hereinafter mentioned, the defendant UNITED STATES OF AMERICA, through its employees, servants, agents and/or independent contractors at the Union Community Health Center, and specifically including but not limited to the following physicians:

Tirana O'Banyoun-Organ, Shreyans Bangani, M.D., and Bhawesh Patel, M.D., rendered medical care and treatment to plaintiff's decedent NATHALY CORDERO BARREIRO.

15. The Union Community Health Center is a clinic facility that provides and holds itself out to provide medical care to persons afflicted with illness or disease.

16. At all times material hereto, Tirana O'Banyoun-Organ, was and still is a physician licensed to practice medicine in the State of New York.

17. Tirana O'Banyoun-Organ held herself out to the public and more particularly to the plaintiff's decedent, as possessing the proper degree of learning and skill, and that she undertook to use reasonable care and diligence in the care and treatment of the plaintiff's decedent.

18. At all times material hereto, Shreyans Bangani, M.D., was and still is a physician licensed to practice medicine in the State of New York.

19. Shreyans Bangani, M.D. held herself out to the public and more particularly to the plaintiff's decedent, as possessing the proper degree of learning and skill, and that she undertook to use reasonable care and diligence in the pre-natal, obstetrical care and treatment of the plaintiff's decedent.

20. At all times material hereto, Bhawesh Patel, M.D., was and still is a physician licensed to practice medicine in the State of New York.

21. Bhawesh Patel, M.D. held herself out to the public and more particularly to the plaintiff's decedent, as possessing the proper degree of learning and skill, and that she undertook to use reasonable care and diligence in the pre-natal, obstetrical care and treatment of the plaintiff's decedent.

22. The defendant UNITED STATES OF AMERICA and its agents, servants, independent contractors and/or employees were negligent and careless in the medical care and treatment rendered to plaintiff's decedent, by failing to exercise the degree of care and skill

commonly exercised by other physicians and nurses under the same or similar circumstances and thereby deviated from the good and accepted standards required by them, including but not limited to the following deviations: in failing to follow standard and accepted medical and nursing practices and procedures; in failing to follow good and accepted medical practices and procedures; in failing to timely and/or properly recommend, render or provide proper and adequate care and treatment in accordance with standard and accepted medical, and nursing procedures; in failing to timely and properly diagnose, assess and treat plaintiff's complaints and presentations at all times; in failing to timely and properly formulate differential diagnosis; in failing to provide professional, and appropriate medical and nursing care and treatment including, without limitation, the duty to hire, train and supervise employees and independent contractors that provided care and services to the plaintiff's decedent in accordance with the applicable standards of care; in failing to coordinate plaintiff's decedent care; in failing to conduct the necessary and indicated examinations and/or re-examinations, tests, imaging and/or procedures; in failing to timely and properly maintain an accurate medical chart; in failing to timely and properly examine the plaintiff's decedent, assess her complaints and presentations, take a medical history at all times and plan and instruct for assessments and reassessments at timely intervals; in failing to timely and properly take and record vitals including blood pressure, weight and/or other vital signs; in failing to timely and properly document findings; in failing to timely and/or properly test and analyze plaintiff's decedent and other pertinent findings on imaging or labs; in failing to timely and properly diagnose and treat conditions; in failing to timely and properly appreciate medical history, signs, symptoms and presentations and document the patient's chart at all times including but not limited to cramping, tenderness and pain, blood pressure, back pain, abdominal pain, nausea; in failing to timely and properly document and appreciate the patient's past medical history and or medical treatment history of recent and/or concurrent providers; timely and properly document the chart and/or obtain

records of recent and/or concurrent providers; timely and properly perform laboratory and diagnostic testing at all times and when indicated; timely and properly collect, analyze and record results of blood and/or urine specimens; timely appreciate lab results; timely and properly perform and appreciate results from laboratory tests and diagnostic imaging; timely and properly provide patient education and/or follow up surveillance; timely and properly encounter and communicate with the patient at all times; timely and properly obtain and record blood pressure, weight and vital signs; timely and properly admit to hospital for observation , testing and/or treatment; timely and properly formulate, assess and/or re-assess a plan for care at all times.

23. As a direct and proximate result of the negligence and carelessness of the defendants, aforesaid, plaintiff's decedent suffered pain and suffering and ultimately death on June 13, 2017.

24. That as a direct and proximate result of the foregoing, plaintiff has been damaged by the defendant herein and she seeks a monetary award and damages set forth herein below in plaintiff's prayer for relief.

## AS AND FOR A SECOND COUNT

25. Plaintiff repeats and realleges paragraphs 1-24 with the same force and effect as if fully set forth herein.

26. That plaintiff's decedent is survived by her mother, plaintiff, ANA CORDERO BARREIRO. Plaintiff's decedent was a diligent, industrious and loving daughter who showed great affection to her family and made financial contributions toward its household and as a result of defendants' negligence, plaintiff has lost the support, companionship and services of decedent.

27. That plaintiff's decedent was an able-bodied woman capable of employment and would have earned monies in the future if still living; and that she would have become employed

regularly and made financial contributions to her family, which financial contributions have been lost by reason of her death.

28. That plaintiff's decedent at the time of her death was young and in good health; and plaintiff is informed and believes that her decedent had a considerable life expectancy and, had she not died, would have continued to be employed and made financial contributions to her family for a considerable time in the future.

29. That as a direct and proximate result of the foregoing, plaintiff has been damaged by the defendant herein and she seeks a monetary award and damages set forth herein below in plaintiff's prayer for relief.

## PRAYER FOR RELIEF

**WHEREFORE,** plaintiff demands judgment against the defendant, the UNITED STATES OF AMERICA and/or in the alternative, for such sums as would reasonably and properly compensate plaintiff in accordance with the laws of the State of New York, the Federal Tort Claims Act, and the sums demanded of FIVE MILLION DOLLARS ($ 5,000,000) for the FIRST and SECOND COUNT herein and as requested in the Standard Form 95 for damages, interest, costs of suit and attorneys' fees allowable by law.

## JURY DEMAND

Plaintiff hereby demands a trial by jury as to all issues triable thereto in the within action.

Respectfully submitted this 3rd day of December 2018.

Dated: New York, New York
       December 13, 2018

_____
William Pagan, Esq.

(WP 8112)
**THE PAGAN LAW FIRM, P.C.**
*Attorneys for Plaintiffs*
805 Third Avenue, Suite 1205
New York, New York 10022
Phone: (212) 967-8202